

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable LeVern I. McCann
County Attorney
Hockley County
Levelland, Texas

Dear Sir:

Opinion No. 0-7247

Re: S. B. 167, 49th Leg., Reg.
Sess.-Transportation aid
for a pupil who is trans-
ferred from his home dis-
trict when the grade which
the pupil is to attend is
also taught in the student's
home district.

We are in receipt of your request for an opinion upon
the above subject matter.

You very appropriately accompany your request by a
brief of facts and argument, both of which being concise they
are here copied as follows:

"Statement of Facts

"A student in the Whitharral School District
lived four or five miles from the Anton School.
The Anton School Bus passed this student's home
every day. The Whitharral School Bus to give trans-
portation to this student would have had to go out
of its way every day. The County School Board of
this County in compliance with Article V, Chapter 24
of the State Equalization law as passed by the last
legislature set up "the most economical system" of
transportation possible and in doing transferred the
student to the Anton Schools. The grade which this
student attended in the Anton School was also taught
in the student's home district.

Honorable Le Vern I. McCann - Page 2

"The action of the school board in setting up
the transportation system was approved by the State
Board of Education and confirmed by the Legislative
Accountant. The County School Board then applied
for transportation aid which the State Board of Edu-
cation denied because of a statement in the law
which says "in no instance may aid be granted to
pupils transported who attend a grade in another
school, which grade is taught in such pupils home
district.

### "Argument

"Regardless of the above statement, it is clear
that the intent of the law is that the County School
Board is to "set up the most economical system pos-
sible". It is evident that since this must be done
annual- that is must be done before transportation
aid is to be granted. In other words to set up "the
most economical system possible" is a prerequisit be-
fore transportation aid is to be granted. It seems
clear that the law intended this to apply for children
who had to transfer from one district to another.

"In this respect the law states that it is for
the purpose of transporting both pupil's from their
districts and within their district. Further that
money is to be paid for those who attend the most
convenient school.

"A number of instances exist in which aid is to
be denied. One such instance is "for a pupil being
transported out of his home district * * * unless the
bus route through such School District have been ap-
proved by the State Department of Education and con-
firmed by the Legislative Accountant." It follows
from the above statement that if the bus routes have
been approved by such agencies, aid is to be granted.

"To strictly construe the following "In no in-
stance may aid be granted for pupils transported who
attend a grade in another school, which grade is taught
in such pupil's home district." would be defeating the
entire purpose of the law which is to set up the most
economical system of transportation possible. This
apparent conflict evidently applies only to a student

who is transferred out of his home district in
complete disregard to the transportation system
set up by the County School Board and approved
by the required agencies."

Your arguments favoring the granting of such aid as pre-
sented by you are persuasive but not conclusive.

Your question calls for a construction of Article V govern-
ing Transportation Aid under Senate Bill Number 167, Chapter 361 -
the appropriation for school aid of the 49th Legislature (General
Laws, 49th Leg. Reg. Sess. pp 639-640). The inquiry, therefore, is
answered in the light of familiar rules of statutory construction.

This department has just released its Opinion No. 0-7241
(a copy of which we hand you herewith) in which we announced the
general rule of construction involved in the immediate consideration,
that opinion itself dealing with the identical Article of above
mentioned appropriation act. We there said:

"The intention of the Legislature, as dis-
covered from the Act, is the one unfailing rule
for construing any statutory act. That intention
is to be gathered from the four corners of the act
as a whole, when read in the light of the purpose
as contained in the title, and in the light of each
and every part of the Act considered collectively
and separately, construing the parts, where possible,
in such way that each and every part may stand as
valid, and that no part thereof may be stricken out
or ignored."

While the inquiry there involved a construction of dif-
ferent articles of the act the present inquiry involves only the
construction of a particular article, that is Article V, the prin-
ciple above quoted from our Opinion 0-7241 is applicable in full
force, however, in that we should give to every part of Article V
a meaning if possible, so that no part thereof may be disregarded
but that every part may be regarded to accomplish the over-all
purpose of the Legislature in the enacting of the particular
article.

Now the provision that the "County Superintendent and
County School Boards of the several counties subject to the ap-
proval of the State Superintendent of Public Instruction, are
hereby authorized to annually set up the most economical system

Honorable La Vern I. McCann - Page 4

of transportation possible for the purpose of transporting both grade and high school pupils from their district, and within their district," is the initial sentence of the Article. The equally emphatic language "in no instance may aid be granted for pupils transported to attend a grade in another school, which grade is taught in such pupil's home district", is likewise a part of the same article. The legislature meant that both provisions should be effective and that each perform its respective part in accomplishing the purpose of that particular article. This is easily done.

The requirement for a setup of the "most economical system of transportation possible for the purpose of transporting both grade and high school pupils from their districts, and within their districts", is the general enacting clause as to the transportation feature of aid and the mandatory provision that, "in no instance may aid be granted for pupils transported who attend a grade in another school, which grade is taught in pupil's own district," is the exception to, or qualification of the general language first quoted. The mandate to set up such "most economical system of transportation possible" must be considered in the light of the equally clear prohibition contained in the latter part of the same article. To make the setup mandatory under all circumstances would be to set at naught the proviso, qualification, or express limitation with respect to transporting pupils taking the same grade in the district to which they transferred as was taught in the home district. We are not at liberty to adopt such a construction of conflict and exclusion. We think the action of the State Board of Education in denying the application for such transportation aid was right.

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY

Ocie Speer
Assistant

APPROVED JUN 5 1944

FIRST ASSISTANT
ATTORNEY GENERAL

OS:LM

APPROVED
OPINION
COMMITTEE
BY